

*Law Library*

FILED
SUPERIOR COURT
GUAM

'13 -5 AM 9: 21

# IN THE SUPERIOR COURT
# OF GUAM

JUNG KANG,
    Plaintiff,

v.

BYONG HI KANG,
    Defendant.

)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO.: 0675-09

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion to Amend was taken under advisement on October 14, 2013. Defendant is represented by attorney Joaquin C. Arriolla. Plaintiff is represented by attorney Leslie A. Travis. Having considered the arguments, evidences and file herein, the Court hereby enters an order GRANTING Defendant's motion.

## BACKGROUND

On August 22, 2013, Defendant filed a paper entitled, Motion to Amend and for Relief from Decision and Order; Motion to Stay Enforcement; Memorandum in Support of Motion. In it Defendant requests, that pursuant to Rules 52(b) and 60(b) of the Guam Rules of Civil Procedure, that the Court amend its August 9, 2013 Decision and Order. The Court's order requires that Defendant pay Plaintiff an amount of $6,715.00 in spousal support *pendente lite*. It also ordered that Defendant pay up to $25,000.00 in Plaintiff's legal fees which are ultimately to be deducted from Plaintiff's share of the marriage assets. Defendant requests that the amount be reduced by $4,715.00 and that Plaintiff only be allowed the $2,000.00 support amount that the Court temporarily ordered prior to its August 9, 2013, decision. He also requests that the Court reconsider and remove its potential $25,000.00 legal-fees order and that it stay Defendant's obligation to comply with the entire support order pending its decision on this motion to amend.

In support of this request he argues that the Court, manifestly erred when it failed to consider and to cite to the $5,500.00 amount Defendant declared was his income in his papers. He also asserts that since May of 2013, the circumstances of the Parties have significantly changed as follows:

1. Guam Construction Co. is currently operating at a loss;
2. Defendant and Guam Construction Company were sued for conversion and other causes of action by Defendant's sister;
3. Defendant is only working 3 hours each day;
4. Defendant contributes up to $800 each month to support the Parties' grandchildren; and
5. Plaintiff is now living in the former family residence, rent and expense free.

Plaintiff filed her opposition on September 26, 2013. In it Plaintiff refutes Defendant's assertions that: she is living in the family residence rent and expense free, Defendant's available income is only $5,500; and that Defendant has given significant support to the Parties' grandchildren. She further asserts that: she is paying rent through her daughter to live in the family residence; her continued ability to reside in the family home is uncertain; Defendant harasses their daughter for allowing Plaintiff to live in the home; and that Defendant sets his own income and has the means to comply with the order. Plaintiff argues that Defendant's requests under Rules 52(b) and 60(b) are not legally supportable under the facts asserted and argues that the Court's August 9, 2013, *pendente lite* support order should remain in place.

Defendant filed his Reply on October 4, 2013. In it he argues that Plaintiff has conceded a change in circumstances and conceded that her monthly expenses do not exceed more than $2,700.00 per month. In support of these arguments Defendant refers to Plaintiff's opposition papers and a May 14, 2013, deposition where Plaintiff answered questions about some of her expenses. He further argues that Plaintiff has failed to justify the reasonableness of the legal fees ordered in the Court's August 9, 2013, Decision and Order. In conclusion Defendant again requests that Plaintiff be allowed $2,000.00 each month in spousal support and

that Plaintiff's attorney fees first be scrutinized.

## DISCUSSION

Defendant makes his requests to reconsider through Rules 52(b) and 60(b) of the Guam Rules of Civil Procedure. Mot. 2-5. Rule 52(b) provides,

> (b) Amendment. On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. When findings of fact are made in actions tried without a jury the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings.

Guam R. Civ. P. 52(b). On its face and as it has been applied by the Guam Supreme Court, requests under Rule 52(b) are only appropriate after entry of judgment and upon a showing of manifest error or newly discovered evidence. *Id.*; *Sananap v. Cyfred, Ltd.*, 2011 Guam 2, ¶ 21. In this case the Court has not entered a judgment. It has not held a trial or entered findings of fact. The Court does not find that Rule 52(b) applies or that Defendant's arguments merit amendment under this standard.

Defendant also requests that the Court's August 9, 2013 order be amended under Rule 60(b) Subparts (1), (2) and (6). Mot. at 6-7. Rule 60(b)(1), (2) and (6) provide,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> . . . .
> (6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b)(1), (2) and (6). In this case, prior to the entry of its November 9, 2013, Decision and Order, the Court carefully considered each of the Parties', arguments, evidences and papers. However, after re-considering this matter and taking into consideration Defendant's income as reported on his 2012, 2011 and 2010 tax returns, as well as the currently pending

litigation over the martial estate's primary asset, Guam Construction Company, the Court finds that these facts merit a reduction in its previously ordered *pendent lite* spousal support. *Sananap v. Cyfred*, Ltd., 2011 Guam 2, ¶ 18.

The Court re-emphasizes that in its November 9, 2013, decision, its order of attorney fees is limited and subject to Plaintiff's provision of an itemized invoice describing the fees. It is also limited to the fees' reasonableness. *Id.* Any fees paid are also to be deducted from the Plaintiff's share of the marriage assets at the disposition of this matter.

## CONCLUSION

Based upon the foregoing, the Court GRANTS Defendant's motion. Pending the disposition of this case, Defendant is ordered to pay Plaintiff a monthly amount of $5,000.00 each month.

SO ORDERED, this __5__ day of __November__ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

NOV 05 2013